**No. 51906.**—Gimbel Bros., Inc., N. Y. *v.* United States, protests 94543–K, etc. (New York).

KINCHELOE, Judge: The merchandise here in question consists of certain cocoa fiber rugs which were assessed for duty at 10 cents per square yard under paragraph 1022, Tariff Act of 1930, as cocoa fiber matting and articles made therefrom, and are claimed to be dutiable at 40 percent ad valorem under paragraph 1021 as all other floor coverings not specially provided for.

The contention of the plaintiff is that the imported merchandise was woven on the loom as rugs in the piece, with their identity established as separate rugs by the omission of a certain number of weft threads at regular intervals to indicate where they are to be cut from the piece.

At the request of plaintiff, a commission was issued herein to take the deposition of one, V. A. Vaidyanathan, at Alleppey, South India, upon interrogatories propounded by the plaintiff and cross-interrogatories propounded by the defendant. This deposition has been returned and admitted in evidence as exhibit 1. At the request of plaintiff, the deposition of L. Sadasiva Dass in protest 994162–G, decided on October 7, 1942 (Abstract 47622), was incorporated as a part of the record herein.

The deposition of Mr. Vaidyanathan shows that he is joint manager of the exporting company, the Coir Floor Furnishing Co., and has been with them for 17 years; that he supervises the factory and the execution of all orders, and is familiar with the Coir rugs shipped to Gimbel Bros., Inc., New York, covered by the invoices in this case, dated Madras, India, November 2, 1939, to February 16, 1942; and that he was familiar with the method of manufacturing said merchandise and observed the process. In answer to interrogatory No. 9, he describes the method as follows:

The mattings were warped in continuous rolls of 50 yards and they were given to the looms. The weavers were instructed to manufacture continuously omitting the weft at particular intervals so as to form a line of demarkation for each piece of rug while on the looms themselves. When 50 yards were finished they were taken and then cut into pieces. During the period under question the rugs were manufactured omitting the weft at particular intervals.

Deponent further states that the said rugs were wholly or in chief value of cocoa fiber, which fact is not being disputed. Deponent also states that he knew L. Sadasiva Dass, and that he was the proprietor of the said Coir Floor Furnishing Co., of Alleppey, South India, during the years 1937 to 1942, but has since died.

The deposition of said L. Sadasiva Dass, incorporated herein, insofar as it relates to the method of manufacture employed during the period when the rugs in that case were made, shows that prior to 1938, the old method of manufacture was used by his company; namely, the rugs were woven in continuous rolls of 50 yards length, and then were cut according to the desired size, adding a margin to remove the weft. But from 1938 onward, the company followed the method whereby the weft was omitted to indicate the place for cutting into individual rugs and that "that system was continued for shipments during 1939, 1940 and 1941." (See answer to interrogatory No. 9.)

The Government submitted in evidence all of the invoices covered by the protests, together with all letters and statements affixed thereto (R. 7), and draws attention to the fact that the shipper's consular invoices have attached thereto statements as to the nature of the merchandise, as required by Treasury Regulation T. D. 49858. This requires that the invoices must state whether such articles were cut from continuous rolls of matting or were cut from rolls having threads omitted in the weft in the process of weaving, thereby forming a line of demarcation to indicate the length of the individual articles.

The attached statements variously recite that the "rugs are cut from continuous rolls of 50 yards length," or that the "rugs are cut from continuous rolls of 50 yards length, and that no threads have been omitted in the weft in the proc-

ess of weaving," or that the "rugs are cut from continuous rolls and taped"; and in the case of two invoices, 3524 and 3523, covered by protest 94720–K, the attached statements read that the "rugs are cut from rolls woven with the weft omitted at intervals, thereby forming a line of demarcation to indicate the length of each individual piece." Attached to said two invoices are also copies of a letter addressed to the U. S. appraisers stores by Gimbel Bros., Inc., New York, dated February 4, 1942, reading: "We received the following cable from our London office: 'Cable received coir reading statement bound ends error cut from continuous rolls and taped'."

The contention of the Government is that plaintiff should be bound by the above statements as invoice declarations and cites the case of *United States* v. *Bloomingdale Bros. & Co.*, 10 Ct. Cust. Appls. 149, T. D. 38400, to the effect that invoice declarations or descriptions have evidentiary value when unimpeached and undiscredited, in the absence of any other or better evidence. Note also *Pan American Products Corp.* v. *United States*, 13 Cust. Ct. 117, C. D. 880.

In the present case, however, there is other evidence of a more direct and positive nature than the statements on the typewritten slips attached to the invoices. Deponent V. A. Vaidyanathan, who is joint manager of the exporting company and has supervision of all orders, has testified that during the period of the present importations the Coir rugs in question were woven on the loom in the piece, with the weft threads omitted at intervals to indicate where the rugs were to be cut apart, and were then bound or fringed. This testimony has been corroborated by deponent L. Sadasiva Dass, who was the proprietor of the said exporting and manufacturing company up to the time of his death. In our opinion, this evidence outweighs the said statements attached to the invoices. The protests claiming the merchandise to be dutiable at 40 percent ad valorem under paragraph 1021, as floor coverings not specially provided for, are therefore sustained, and the collector's action is reversed in each instance.

Judgment will be rendered accordingly.